DAVENÉ D. WALKER
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044–7611
Telephone: (202) 353-9213
Facsimile: (202) 305–0506
davene.walker@usdoj.gov

PAUL GALINDO
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044–7611
Telephone: (202) 305-0492
Facsimile: (202) 305–0506
paul.galindo@usdoj.gov

*Attorneys for United States*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| FRIENDS OF ALASKA NATIONAL WILDLIFE REFUGES, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>RYAN ZINKE, *et al.*,<br><br>  Federal Defendants. | CASE NO. 3:18-cv-00029-TMB<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Federal Defendants, Ryan Zinke, in his official capacity as Secretary of the U.S. Department of the Interior, the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service (collectively, "Federal Defendants"), by and through the undersigned attorneys, answer the claims and allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

1. The allegations in paragraph 1 constitute Plaintiffs' characterization of the action, to which no response is required. To the extent they may be deemed factual allegations, they are denied.

2. The allegations in paragraph 2 characterize the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and King Cove Corporation ("KCC"), which is the best evidence of its contents. To the extent the allegations are inconsistent with that agreement, they are denied.

3. Federal Defendants deny the allegations in the first sentence of paragraph 3. As to the allegations in the second sentence of paragraph 3, Federal Defendants deny that the Secretary is under any obligation to follow the requirements of Title XI of ANILCA, its implementing regulations, the National Environmental Policy Act ("NEPA"), or its implementing regulations.

4. The allegations in paragraph 4 constitute Plaintiffs' characterization of the action and conclusions of law, to which no response is required. To the extent that any response is required, Federal Defendants deny the allegations.

5. The allegations in paragraph 5 are conclusions of law, to which no response is required.

6. The allegations in paragraph 6 are conclusions of law, to which no response is required.

7. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, on that basis, deny the allegations.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB  2

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 2 of 20

8. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, on that basis, deny the allegations.

9. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, deny the allegations.

10. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, on that basis, deny the allegations.

11. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, deny the allegations.

12. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, deny the allegations.

13. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, on that basis, deny the allegations.

14. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, deny the allegations.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                 3

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 3 of 20

15. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, on that basis, deny the allegations.

16. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, on that basis, deny the allegations.

17. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, on that basis, deny the allegations. To the extent Plaintiffs are alleging that Federal Defendants' actions harm Plaintiffs' interests, such allegations are denied.

18. Federal Defendants admit the allegations in paragraph 18.

19. Federal Defendants admit the allegations in paragraph 19.

20. Federal Defendants admit the allegations in paragraph 20.

21. The allegations in paragraph 21 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 21 are inconsistent with that statute, they are denied.

22. The allegations in paragraph 22 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 22 are inconsistent with that statute, they are denied.

23. The allegations in paragraph 23 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB    4

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 4 of 20

the statute is the best evidence of its content.  To the extent the allegations in paragraph 23 are inconsistent with that statute, they are denied.

24.     The allegations in paragraph 24 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 24 are inconsistent with that statute, they are denied.

25.     The allegations in paragraph 25 consist of Plaintiffs' characterization of the legislative history of ANILCA, to which no response is required.  Federal Defendants aver that the legislative history is the best evidence of its content.  To the extent the allegations in paragraph 25 are inconsistent with that legislative history, they are denied.

26.     The allegations in paragraph 26 consist of Plaintiffs' characterization of ANCSA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 26 are inconsistent with that statute, they are denied.

27.     The allegations in paragraph 27 consist of Plaintiffs' characterization of and a quotation from ANCSA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 27 are inconsistent with that statute, they are denied.

28.     The allegations in paragraph 28 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 28 are inconsistent with that statute, they are denied.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                 5

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 5 of 20

29. The allegations in paragraph 29 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 29 are inconsistent with that statute, they are denied.

30. The allegations in paragraph 30 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 30 are inconsistent with that statute, they are denied.

31. The allegations in paragraph 31 consist of Plaintiffs' characterization of and a quotation from the Wilderness Act, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 31 are inconsistent with that statute, they are denied.

32. The allegations in paragraph 32 consist of Plaintiffs' characterization of and a quotation from the Wilderness Act, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 32 are inconsistent with that statute, they are denied.

33. The allegations in paragraph 33 consist of Plaintiffs' characterization of and a quotation from the National Wildlife Refuge System Administration Act, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 33 are inconsistent with that statute, they are denied.

34. The allegations in paragraph 34 consist of Plaintiffs' characterization of and a quotation from the National Wildlife Refuge System Administration Act, to which no

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                                              6

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 6 of 20

response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 34 are inconsistent with that statute, they are denied.

35. The allegations in paragraph 35 consist of Plaintiffs' characterization of and a quotation from the implementing regulations of NEPA, to which no response is required. Federal Defendants aver that the regulations are the best evidence of their content. To the extent the allegations in paragraph 35 are inconsistent with those regulations, they are denied.

36. The allegations in paragraph 36 consist of Plaintiffs' characterization of NEPA and a quotation from its implementing regulations, to which no response is required. Federal Defendants aver that the regulations are the best evidence of their content. To the extent the allegations in paragraph 36 are inconsistent with those regulations, they are denied.

37. The allegations in paragraph 37 consist of Plaintiffs' characterization of and a quotation from the implementing regulations of NEPA, to which no response is required. Federal Defendants aver that the regulations are the best evidence of their content. To the extent the allegations in paragraph 37 are inconsistent with those regulations, they are denied.

38. Federal Defendants admit the allegations in the first sentence of paragraph 38. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in the second sentence of paragraph 38. The allegations in the third sentence of paragraph 38 are Plaintiffs' characterization of and a quotation from Public Land Order 2216, to which no response is required. Federal

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                 7

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 7 of 20

Defendants aver that the order is the best evidence of its content. The allegations in the fourth sentence of paragraph 38 are Plaintiffs' characterization of and a quotation from a press release from December 7, 1960, to which no response is required. Federal Defendants aver that the press release is the best evidence of its content, which speaks for itself and is the best evidence of its own content. To the extent the allegations in Paragraph 38 are inconsistent with these referenced documents, they are denied.

39. The allegations in paragraph 39 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 39 are inconsistent with that statute, they are denied.

40. The allegations in paragraph 40 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 40 are inconsistent with that statute, they are denied.

41. The allegations in paragraph 41 consist of Plaintiffs' characterization of and a quotation from the legislative history of ANILCA at H.R. REP. NO. 96-97, to which no response is required. Federal Defendants aver that the legislative history is the best evidence of its content. To the extent the allegations in paragraph 41 are inconsistent with that legislative history, they are denied.

42. Federal Defendants admit that Izembek is a migratory bird staging and wintering habitat and that millions of migratory waterfowl and shorebirds use its coastal lagoons and freshwater wetlands complex. Federal Defendants deny the remaining allegations in paragraph 42.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB     8

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 8 of 20

43. Federal Defendants admit that the wetlands and marine waters in and near Izembek include habitat for migratory birds, such as the Steller's eider, and several species of marine mammals, including the northern sea otter and the Steller sea lion.

44. Federal Defendants admit that Izembek provides brown bear and caribou habitat.

45. The allegations in paragraph 45 consist of Plaintiffs' characterization of 1986 designation and a quotation from a 1989 letter, to which no response is required. Federal Defendants aver that the designation and letter are the best evidence of their content. To the extent the allegations in paragraph 45 are inconsistent with the referenced documents, they are denied.

46. Federal Defendants admit the allegations in paragraph 46.

47. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 47 and on that basis denies the allegations.

48. The allegations in paragraph 48 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required. Federal Defendants aver that the plan and EIS are the best evidence of their content. To the extent the allegations in paragraph 48 are inconsistent with that plan and EIS, they are denied.

49. The allegations in paragraph 49 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required. Federal Defendants aver that the plan and EIS are the best

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                                     9

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 9 of 20

evidence of their content. To the extent the allegations in paragraph 49 are inconsistent with that plan and EIS, they are denied.

50. The allegations in paragraph 50 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan from 1985, to which no response is required. Federal Defendants aver that the plan is the best evidence of its content. To the extent the allegations in paragraph 50 are inconsistent with that plan, they are denied.

51. The allegations in paragraph 51 consist of Plaintiffs' characterization of and a quotation from the Bristol Bay Regional Management Plan from 1985, to which no response is required. Federal Defendants aver that the plan is the best evidence of its content. To the extent the allegations in paragraph 51 are inconsistent with that plan, they are denied.

52. Federal Defendants admit the allegations in Paragraph 52.

53. Federal Defendants admit that in 1997 KCC offered to exchange KCC lands near Kinzarof Lagoon for a road easement from the Fish and Wildlife Service and that the Service declined the proposal due to impacts to key estuarine and wetland habitats.

54. Federal Defendants admit the allegations in the first, second, and fifth sentences of paragraph 54. Federal Defendants deny the allegations in the third sentence. Federal Defendants admit the allegations in the fourth sentence of paragraph 54, except for the allegation in the parenthetical which Federal Defendants deny.

55. The allegations in paragraph 55 consist of Plaintiffs' characterization of and quotations from the March 1998 Land Protection Plan for Izembek National Wildlife Refuge Complex, Cold Bay, to which no response is required. Federal Defendants aver that the plan is the best evidence of its content. To the extent the allegations in paragraph 55 are inconsistent with that plan, they are denied.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                 10

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 10 of 20

56. Federal Defendants admit the allegations in paragraph 56.

57. Federal Defendants admit the allegations in paragraph 57.

58. Federal Defendants admit the allegations in paragraph 58.

59. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 59 and on that basis denies the allegations.

60. Federal Defendants admit the allegations in paragraph 60.

61. Federal Defendants admit the allegations in paragraph 61.

62. Federal Defendants admit the allegations in paragraph 62.

63. Federal Defendants admit the allegations in paragraph 63.

64. The allegations in paragraph 64 consist of Plaintiffs' characterization of and quotations from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best evidence of its content. To the extent the allegations in paragraph 64 are inconsistent with that EIS, they are denied.

65. The allegations in paragraph 65 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 65 are inconsistent with that Record of Decision, they are denied.

66. The allegations in paragraph 66 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS Record of Decision, to which no response is required. Federal Defendants aver that the

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                 11

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 11 of 20

Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 66 are inconsistent with that Record of Decision, they are denied.

67. The allegations in paragraph 67 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 67 are inconsistent with that Record of Decision, they are denied.

68. The allegations in paragraph 68 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 68 are inconsistent with that Record of Decision, they are denied.

69. The allegations in paragraph 69 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 69 are inconsistent with that Record of Decision, they are denied.

70. The allegations in paragraph 70 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 70 are inconsistent with that Record of Decision, they are denied.

71. Federal Defendants admit the allegations in paragraph 71.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB 12

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 12 of 20

72. Federal Defendants admit the allegations in paragraph 72.

73. The allegations in paragraph 73 consist of Plaintiffs' characterization of and a quotation from the Minimum Requirements Decision Guide Workbook, Project Title: Proposed King Cove-Cold Bay Road Corridor Engineering Reconnaissance, to which no response is required. Federal Defendants aver that the workbook is the best evidence of its content. To the extent the allegations in paragraph 73 are inconsistent with that workbook, they are denied.

74. The allegations in paragraph 74 consist of Plaintiffs' characterization of and a quotation from the Minimum Requirements Decision Guide Workbook, Project Title: Proposed King Cove-Cold Bay Road Corridor Engineering Reconnaissance, to which no response is required. Federal Defendants aver that the workbook is the best evidence of its content. To the extent the allegations in paragraph 74 are inconsistent with that workbook, they are denied.

75. Federal Defendants admit the allegations in paragraph 75.

76. The allegations in paragraph 76 consist of Plaintiffs' characterization of and a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 76 are inconsistent with that agreement, they are denied.

77. The allegations in paragraph 77 are conclusions of law and Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                                      13

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 13 of 20

paragraph 77 are inconsistent with that agreement, they are denied.

78. The allegations in paragraph 78 consist of Plaintiffs' characterization of and a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 78 are inconsistent with that agreement, they are denied.

79. The allegations in paragraph 79 consist of Plaintiffs' characterization of and a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 79 are inconsistent with that agreement, they are denied.

80. The allegations in paragraph 80 consist of Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 80 are inconsistent with that agreement, they are denied.

81. The allegations in paragraph 81 consist of Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 81 are inconsistent with that agreement, they are denied.

82. Federal Defendants deny the allegations in paragraph 82.

83. The allegations in paragraph 83 are conclusions of law, to which no response

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                    14

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 14 of 20

is required.

84. The allegations in the first sentence of paragraph 84 consist of Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 84 are inconsistent with that agreement, they are denied. The allegations in the second sentence of paragraph 84 are conclusions of law, to which no response is required.

85. The allegations in paragraph 85 consist of Plaintiffs' characterization of and a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 85 are inconsistent with that agreement, they are denied.

86. Federal Defendants admit that KCC has stated its intention to transfer the exchange lands to the State of Alaska in order to permit and construct the intended road. Federal Defendants deny the remaining allegations in paragraph 86.

87. The allegations in paragraph 87 consist of Plaintiffs' characterization of and a quotation from the cited news article, to which no response is required. Federal Defendants aver that the article is the best evidence of its content. To the extent the allegations in paragraph 87 are inconsistent with that article, they are denied.

88. The allegations in paragraph 88 consist of Plaintiffs' characterization of and quotations from the cited press release, to which no response is required. Federal Defendants aver that the press release is the best evidence of its content. To the extent the allegations in paragraph 88 are inconsistent with that press release, they are denied.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB    15

Case 3:18-cv-00029-TMB    Document 19    Filed 04/02/18    Page 15 of 20

89. In response to paragraph 89, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 88.

90. The allegations in paragraph 90 are conclusions of law, to which no response is required.

91. Federal Defendants deny the allegations in paragraph 91.

92. Federal Defendants deny the allegations in paragraph 92.

93. In response to paragraph 93, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 92.

94. The allegations in paragraph 94 consist of Plaintiffs' characterization of and quotations from Title XI of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 94 are inconsistent with that statute, they are denied.

95. The allegations in paragraph 95 consist of Plaintiffs' characterization of Title XI of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 95 are inconsistent with that statute, they are denied.

96. The allegations in paragraph 96 consist of Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 96 are inconsistent with that agreement, they are denied.

97. Federal Defendants admit that the "Agreement for the Exchange of Lands" was not executed following the procedures set out in Title XI of ANILCA and aver that

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                 16

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 16 of 20

Title XI of ANILCA is inapplicable.

98. Federal Defendants admit that the President has not acted pursuant to Title XI of ANILCA with respect to the "Agreement for the Exchange of Lands" and aver that Title XI of ANILCA is inapplicable.

99. Federal Defendants deny the allegations in paragraph 99.

100. Federal Defendants deny the allegations in paragraph 100.

101. In response to paragraph 101, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 100.

102. The allegations in paragraph 102 consist of Plaintiffs' characterization of and a quotation from NEPA and its implementing regulations, to which no response is required. Federal Defendants aver that the statute and regulations are the best evidence of their content. To the extent the allegations in paragraph 102 are inconsistent with that statute, they are denied.

103. The allegations in paragraph 103 are conclusions of law, to which no response is required.

104. Federal Defendants deny the allegations in paragraph 104.

105. Federal Defendants deny the allegations in paragraph 105.

The remaining paragraphs of the Complaint comprise Plaintiffs' prayer for relief and require no response. Federal Defendants deny that Plaintiffs are entitled to any relief whatsoever.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                 17

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 17 of 20

## GENERAL DENIAL

All of the allegations, including any unnumbered statements, headings, and footnotes, in Plaintiffs' Complaint that have not been specifically admitted, denied, or otherwise answered are hereby denied.

## FEDERAL DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### Third Affirmative Defense

Plaintiffs have not suffered any injury as a result of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC; therefore, they lack standing to commence this action.

### Fourth Affirmative Defense

Plaintiffs' claims are not ripe for adjudication.

### Fifth Affirmative Defense

Plaintiffs' claims are not the result of final agency action because the lands to be exchanged have not been finally determined.

## PRAYER

WHEREFORE, Federal Defendants deny that Plaintiffs are entitled to the relief they pray for, or any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Federal Defendant, and that Federal Defendants be allowed such other further relief as the Court may allow.

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                                    18

Dated this 2nd day of April, 2018.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division


*/s/ Davené D. Walker*
DAVENÉ D. WALKER
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 353-9213
Facsimile: (202) 305–0506
davene.walker@usdoj.gov

PAUL GALINDO
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044–7611
Telephone: (202) 305-0492
Facsimile: (202) 305–0506
paul.galindo@usdoj.gov

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                                                     19

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 19 of 20

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 2, 2018, a copy of the foregoing *Federal Defendants' Answer* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*s/ Davené Walker*
Davené D. Walker, Trial Attorney
U.S. Department of Justice

Federal Defendants' Answer
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                        20

Case 3:18-cv-00029-TMB   Document 19   Filed 04/02/18   Page 20 of 20