DAVENÉ D. WALKER
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044–7611
Telephone: (202) 353-9213
Facsimile: (202) 305–0506
davene.walker@usdoj.gov

PAUL GALINDO
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC 20044–7611
Telephone: (202) 305-0492
Facsimile: (202) 305–0506
paul.galindo@usdoj.gov

RICKEY D. TURNER, JR.
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-1373
Facsimile: (303) 844-1350
rickey.turner@usdoj.gov

*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | | |
|---|---|---|
| FRIENDS OF ALASKA NATIONAL WILLIFE REFUGES, *et al.*, | ) ) ) | CASE NO. 3:18-cv-00029-TMB |
| Plaintiffs, | ) ) | |
| v. | ) ) | **FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| RYAN ZINKE, *et al.*, | ) ) ) | |
| Federal Defendants. | ) ) | |

Federal Defendants, Ryan Zinke, in his official capacity as Secretary of the U.S. Department of the Interior, the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service (collectively, "Federal Defendants"), by and through the undersigned attorneys, answer the claims and allegations in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief as follows:

1.     The allegations in paragraph 1 constitute Plaintiffs' characterization of the action, to which no response is required.  To the extent they may be deemed factual allegations, they are denied.

2.     The allegations in paragraph 2 characterize the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and King Cove Corporation ("KCC"), which is the best evidence of its contents. To the extent the allegations are inconsistent with that agreement, they are denied.

3.     The allegations in paragraph 3 are conclusions of law, to which no response is required.  To the extent that any response is required, Federal Defendants deny the allegations.

4.     The allegations in paragraph 4 constitute Plaintiffs' characterization of the action and conclusions of law, to which no response is required.  To the extent that any response is required, Federal Defendants deny the allegations.

5.     The allegations in paragraph 5 are conclusions of law, to which no response is required.

6.     The allegations in paragraph 6 are conclusions of law, to which no response is required.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                              2

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 2 of 25

7.      The allegations in the first sentence of paragraph 7 are conclusions of law, to which no response is required.  Federal Defendants admit that Plaintiffs attached a letter dated January 31, 2018, to their First Amended Complaint as Exhibit A and aver that this letter is the best evidence of its content.  To the extent the allegations in paragraph 7 are inconsistent with that letter, they are denied.  The remainder of the allegations in paragraph 7 are denied.

8.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and, on that basis, deny the allegations.

9.      Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, deny the allegations.

10.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, on that basis, deny the allegations.

11.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, deny the allegations.

12.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, deny the allegations.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                              3

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 3 of 25

13.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, on that basis, deny the allegations.

14.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, deny the allegations.

15.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, on that basis, deny the allegations.

16.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, on that basis, deny the allegations.

17.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, on that basis, deny the allegations.

18.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, on that basis, deny the allegations.  To the extent Plaintiffs are alleging that Federal Defendants' actions harm Plaintiffs' interests, such allegations are denied.

19.     Federal Defendants admit the allegations in paragraph 19.

20.     Federal Defendants admit the allegations in paragraph 20.

21.     Federal Defendants admit the allegations in paragraph 21.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                          4

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 4 of 25

22.     The allegations in paragraph 22 consist of Plaintiffs' characterization of and a quotation from Alaska National Interest Lands Conservation Act ("ANILCA"), to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 22 are inconsistent with that statute, they are denied.

23.     The allegations in paragraph 23 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 23 are inconsistent with that statute, they are denied.

24.     The allegations in paragraph 24 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 24 are inconsistent with that statute, they are denied.

25.     The allegations in paragraph 25 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 25 are inconsistent with that statute, they are denied.

26.     The allegations in paragraph 26 consist of Plaintiffs' characterization of the legislative history of ANILCA, to which no response is required.  Federal Defendants aver that the legislative history is the best evidence of its content.  To the extent the allegations in paragraph 26 are inconsistent with that legislative history, they are denied.

27.     The allegations in paragraph 27 consist of Plaintiffs' characterization of ANCSA, to which no response is required.  Federal Defendants aver that the statute is the

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                    5

best evidence of its content.  To the extent the allegations in paragraph 27 are inconsistent with that statute, they are denied.

28.     The allegations in paragraph 28 consist of Plaintiffs' characterization of and a quotation from ANCSA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 28 are inconsistent with that statute, they are denied.

29.     The allegations in paragraph 29 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 29 are inconsistent with that statute, they are denied.

30.     The allegations in paragraph 30 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 30 are inconsistent with that statute, they are denied.

31.     The allegations in paragraph 31 consist of Plaintiffs' characterization of ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 31 are inconsistent with that statute, they are denied.

32.     The allegations in paragraph 32 consist of Plaintiffs' characterization of and a quotation from the Wilderness Act, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 32 are inconsistent with that statute, they are denied.

33.     The allegations in paragraph 33 consist of Plaintiffs' characterization of and a quotation from the Wilderness Act, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 33 are inconsistent with that statute, they are denied.

34.     The allegations in paragraph 34 consist of Plaintiffs' characterization of and a quotation from the National Wildlife Refuge System Administration Act, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 34 are inconsistent with that statute, they are denied.

35.     The allegations in paragraph 35 consist of Plaintiffs' characterization of and a quotation from the National Wildlife Refuge System Administration Act, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 35 are inconsistent with that statute, they are denied.

36.     The allegations in paragraph 36 consist of Plaintiffs' characterization of and a quotation from the implementing regulations of the National Environmental Policy Act ("NEPA"), to which no response is required.  Federal Defendants aver that the regulations are the best evidence of their content.  To the extent the allegations in paragraph 36 are inconsistent with those regulations, they are denied.

37.     The allegations in paragraph 37 consist of Plaintiffs' characterization of NEPA and a quotation from its implementing regulations, to which no response is required.  Federal Defendants aver that the regulations are the best evidence of their content.  To the

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                    7

extent the allegations in paragraph 37 are inconsistent with those regulations, they are denied.

38. The allegations in paragraph 38 consist of Plaintiffs' characterization of and a quotation from the implementing regulations of NEPA, to which no response is required. Federal Defendants aver that the regulations are the best evidence of their content. To the extent the allegations in paragraph 38 are inconsistent with those regulations, they are denied.

39. The allegations in paragraph 39 consist of Plaintiffs' characterization of and a quotation from the Endangered Species Act ("ESA"), to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 39 are inconsistent with that statute, they are denied.

40. The allegations in paragraph 40 consist of Plaintiffs' characterization of the implementing regulation of the ESA, to which no response is required. Federal Defendants aver that the regulation is the best evidence of its content. To the extent the allegations in paragraph 40 are inconsistent with that regulation, they are denied.

41. The allegations in paragraph 41 consist of Plaintiffs' characterization of and a quotation from the ESA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 41 are inconsistent with that statute, they are denied.

42. The allegations in paragraph 42 consist of Plaintiffs' characterization of and quotations from the ESA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 42 are inconsistent with that statute, they are denied.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                    8

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 8 of 25

43.	The allegations in paragraph 43 consist of Plaintiffs' characterization of and a quotation from the ESA and one of its implementing regulation, to which no response is required. Federal Defendants aver that the statute and regulation are the best evidence of their content. To the extent the allegations in paragraph 43 are inconsistent with that statute and regulation, they are denied.

44.	The allegations in paragraph 44 consist of a quotation from an implementing regulation of the ESA, to which no response is required. Federal Defendants aver that the regulation is the best evidence of its content. To the extent the allegations in paragraph 44 are inconsistent with that regulation, they are denied.

45.	Federal Defendants admit the allegations in the first sentence of paragraph 45. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in the second sentence of paragraph 45. The allegations in the third sentence of paragraph 45 are Plaintiffs' characterization of and a quotation from Public Land Order 2216, to which no response is required. Federal Defendants aver that the order is the best evidence of its content. The allegations in the fourth sentence of paragraph 45 are Plaintiffs' characterization of and a quotation from a press release from December 7, 1960, to which no response is required. Federal Defendants aver that the press release is the best evidence of its content, which speaks for itself and is the best evidence of its own content. To the extent the allegations in Paragraph 45 are inconsistent with these referenced documents, they are denied.

46.	The allegations in paragraph 46 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB	9

best evidence of its content. To the extent the allegations in paragraph 46 are inconsistent with that statute, they are denied.

47. The allegations in paragraph 47 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 47 are inconsistent with that statute, they are denied.

48. The allegations in paragraph 48 consist of Plaintiffs' characterization of and a quotation from the legislative history of ANILCA at H.R. REP. NO. 96-97, to which no response is required. Federal Defendants aver that the legislative history is the best evidence of its content. To the extent the allegations in paragraph 48 are inconsistent with that legislative history, they are denied.

49. Federal Defendants admit that Izembek is a migratory bird staging and wintering habitat and that millions of migratory waterfowl and shorebirds use its coastal lagoons and freshwater wetlands complex. Federal Defendants deny the remaining allegations in paragraph 49.

50. Federal Defendants admit that the wetlands and marine waters in and near Izembek include habitat for migratory birds, such as the Steller's eider, and several species of marine mammals, including the northern sea otter and the Steller sea lion. Federal Defendants admit the allegations in second sentence of paragraph 50.

51. The allegations in paragraph 51 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best evidence of its

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                                    10

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 10 of 25

content.  To the extent the allegations in paragraph 51 are inconsistent with that EIS, they are denied.

52.     The allegations in paragraph 52 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required.  Federal Defendants aver that the EIS is the best evidence of its content.  To the extent the allegations in paragraph 52 are inconsistent with that EIS, they are denied.

53.     The allegations in paragraph 53 are conclusions of law, to which no response is required.

54.     The allegations in paragraph 54 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required.  Federal Defendants aver that the EIS is the best evidence of its content.  To the extent the allegations in paragraph 54 are inconsistent with that EIS, they are denied.

55.     Federal Defendants admit that Izembek provides brown bear and caribou habitat.

56.      The allegations in paragraph 56 consist of Plaintiffs' characterization of 1986 designation and a quotation from a 1989 letter, to which no response is required. Federal Defendants aver that the designation and letter are the best evidence of their content.  To the extent the allegations in paragraph 56 are inconsistent with the referenced documents, they are denied.

57.     Federal Defendants admit the allegations in paragraph 57.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                                   11

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 11 of 25

58.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 58 and on that basis denies the allegations.

59.     The allegations in paragraph 59 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required.  Federal Defendants aver that the plan and EIS are the best evidence of their content.  To the extent the allegations in paragraph 59 are inconsistent with that plan and EIS, they are denied.

60.     The allegations in paragraph 60 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required.  Federal Defendants aver that the plan and EIS are the best evidence of their content.  To the extent the allegations in paragraph 60 are inconsistent with that plan and EIS, they are denied.

61.     The allegations in paragraph 61 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required.  Federal Defendants aver that the plan and EIS are the best evidence of their content.  To the extent the allegations in paragraph 61 are inconsistent with that plan and EIS, they are denied.

62.     The allegations in paragraph 62 consist of Plaintiffs' characterization of and a quotation from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required.  Federal Defendants aver that the plan and EIS are the best evidence of their content.  To the extent the allegations in paragraph 62 are inconsistent with that plan and EIS, they are denied.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                    12

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 12 of 25

63. Federal Defendants admit the allegations in Paragraph 63.

64. Federal Defendants admit that in 1997 KCC offered to exchange KCC lands near Kinzarof Lagoon for a road easement from the Fish and Wildlife Service and that the Service declined the proposal due to impacts to key estuarine and wetland habitats.

65. Federal Defendants admit the allegations in the first, second, and fifth sentences of paragraph 65. Federal Defendants deny the allegations in the third sentence. Federal Defendants admit the allegations in the fourth sentence of paragraph 65, except for the allegation in the parenthetical which Federal Defendants deny.

66. The allegations in paragraph 66 consist of Plaintiffs' characterization of and quotations from the March 1998 Land Protection Plan for Izembek National Wildlife Refuge Complex, Cold Bay, to which no response is required. Federal Defendants aver that the plan is the best evidence of its content. To the extent the allegations in paragraph 66 are inconsistent with that plan, they are denied.

67. Federal Defendants admit the allegations in paragraph 67.

68. Federal Defendants admit the allegations in paragraph 68.

69. Federal Defendants admit the allegations in paragraph 69.

70. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 70 and on that basis denies the allegations.

71. Federal Defendants admit the allegations in paragraph 71.

72. Federal Defendants admit the allegations in paragraph 72.

73. Federal Defendants admit the allegations in paragraph 73.

74. Federal Defendants admit the allegations in paragraph 74.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                    13

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 13 of 25

75.     The allegations in paragraph 75 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required.  Federal Defendants aver that the EIS is the best evidence of its content.  To the extent the allegations in paragraph 75 are inconsistent with that EIS, they are denied.

76.     The allegations in paragraph 76 consist of Plaintiffs' characterization of the Biological Assessment and Project Description and Effects Analysis for the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that these documents are the best evidence of their content.  To the extent the allegations in paragraph 76 are inconsistent with those documents, they are denied.

77.     The allegations in paragraph 77 consist of Plaintiffs' characterization of the Biological Assessment and Project Description and Effects Analysis for the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that these documents are the best evidence of their content.  To the extent the allegations in paragraph 77 are inconsistent with those documents, they are denied.

78.     The allegations in the first sentence of paragraph 78 consist of Plaintiffs' characterization of the Biological Assessment and Project Description and Effects Analysis for the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required.  Federal Defendants aver that these documents are the best evidence of their content.  To the extent the allegations in the first sentence of paragraph 78 are

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                    14

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 14 of 25

inconsistent with those documents, they are denied. Federal Defendants admit that no further action was taken concerning the 2013 Biological Assessment once it was completed.

79.     The allegations in paragraph 79 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best evidence of its content. To the extent the allegations in paragraph 79 are inconsistent with that EIS, they are denied.

80.     The allegations in paragraph 80 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 80 are inconsistent with that Record of Decision, they are denied.

81.     The allegations in paragraph 81 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 81 are inconsistent with that Record of Decision, they are denied.

82.     The allegations in paragraph 82 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 82 are inconsistent with that Record of Decision, they are denied.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                      15

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 15 of 25

83.     The allegations in paragraph 83 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required.  Federal Defendants aver that the Record of Decision is the best evidence of its content.  To the extent the allegations in paragraph 83 are inconsistent with that Record of Decision, they are denied.

84.     The allegations in paragraph 84 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required.  Federal Defendants aver that the Record of Decision is the best evidence of its content.  To the extent the allegations in paragraph 84 are inconsistent with that Record of Decision, they are denied.

85.     The allegations in paragraph 85 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required.  Federal Defendants aver that the Record of Decision is the best evidence of its content.  To the extent the allegations in paragraph 85 are inconsistent with that Record of Decision, they are denied.

86.     Federal Defendants admit the allegations in paragraph 86.

87.     Federal Defendants admit the allegations in paragraph 87.

88.     The allegations in paragraph 88 consist of a quotation from the Minimum Requirements Decision Guide Workbook, Project Title: Proposed King Cove-Cold Bay Road Corridor Engineering Reconnaissance, to which no response is required.  Federal Defendants aver that the workbook is the best evidence of its content.  To the extent the allegations in paragraph 88 are inconsistent with that workbook, they are denied.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                      16

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 16 of 25

89. The allegations in paragraph 89 consist of Plaintiffs' characterization of and a quotation from the Minimum Requirements Decision Guide Workbook, Project Title: Proposed King Cove-Cold Bay Road Corridor Engineering Reconnaissance, to which no response is required. Federal Defendants aver that the workbook is the best evidence of its content. To the extent the allegations in paragraph 89 are inconsistent with that workbook, they are denied.

90. Federal Defendants admit the allegations in paragraph 90.

91. The allegations in paragraph 91 consist of a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 91 are inconsistent with that agreement, they are denied.

92. The allegations in paragraph 92 consist of conclusions of law and a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 92 are inconsistent with that agreement, they are denied.

93. The allegations in paragraph 93 consist of a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 93 are inconsistent with that agreement, they are denied.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                  17

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 17 of 25

94.     The allegations in paragraph 94 consist of Plaintiffs' characterization of and a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required.  Federal Defendants aver that the agreement is the best evidence of its content.  To the extent the allegations in paragraph 94 are inconsistent with that agreement, they are denied.

95.     The allegations in paragraph 95 consist of Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required.  Federal Defendants aver that the agreement is the best evidence of its content.  To the extent the allegations in paragraph 95 are inconsistent with that agreement, they are denied.

96.     The allegations in paragraph 96 consist of Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required.  Federal Defendants aver that the agreement is the best evidence of its content.  To the extent the allegations in paragraph 96 are inconsistent with that agreement, they are denied.

97.     Federal Defendants deny the allegations in paragraph 97.

98.     The allegations in paragraph 98 are conclusions of law, to which no response is required.

99.     The allegations in the first sentence of paragraph 99 consist of Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required.  Federal Defendants aver that the agreement is the best evidence of its content.  To the extent the allegations in paragraph

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                 18

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 18 of 25

99 are inconsistent with that agreement, they are denied. The allegations in the second sentence of paragraph 99 are conclusions of law, to which no response is required.

100.    The allegations in paragraph 100 consist of Plaintiffs' characterization of and a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 100 are inconsistent with that agreement, they are denied.

101.    Federal Defendants admit that the State of Alaska is expected to permit and construct the intended road. Federal Defendants deny the remaining allegations in paragraph 101.[1]

102.    The allegations in paragraph 102 consist of Plaintiffs' characterization of and a quotation from the cited news article, to which no response is required. Federal Defendants aver that the article is the best evidence of its content. To the extent the allegations in paragraph 102 are inconsistent with that article, they are denied.

103.    The allegations in paragraph 103 consist of Plaintiffs' characterization of and quotations from the cited press release, to which no response is required. Federal Defendants aver that the press release is the best evidence of its content. To the extent the allegations in paragraph 103 are inconsistent with that press release, they are denied.

104.    Federal Defendants admit the allegations in paragraph 104.

105.    In response to paragraph 105, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 104.

---

[1] Federal Defendants' response to these allegations are revised in paragraph 101 because of additional information obtained since Federal Defendants answered the Complaint.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                              19

106.     The allegations in paragraph 106 are conclusions of law, to which no response is required.

107.     Federal Defendants deny the allegations in paragraph 107.

108.     Federal Defendants deny the allegations in paragraph 108.

109.     In response to paragraph 109, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 108.

110.     The allegations in paragraph 110 consist of Plaintiffs' characterization of and quotations from Title XI of ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 110 are inconsistent with that statute, they are denied.

111.     The allegations in paragraph 111 consist of Plaintiffs' characterization of Title XI of ANILCA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 111 are inconsistent with that statute, they are denied.

112.     The allegations in paragraph 112 consist of Plaintiffs' characterization of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required.  Federal Defendants aver that the agreement is the best evidence of its content.  To the extent the allegations in paragraph 112 are inconsistent with that agreement, they are denied.

113.     Federal Defendants admit that the "Agreement for the Exchange of Lands" was not executed following the procedures set out in Title XI of ANILCA and aver that Title XI of ANILCA is inapplicable.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                                      20

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 20 of 25

114.     Federal Defendants admit that the President has not acted pursuant to Title XI of ANILCA with respect to the "Agreement for the Exchange of Lands" and aver that Title XI of ANILCA is inapplicable.

115.     Federal Defendants deny the allegations in paragraph 115.

116.     Federal Defendants deny the allegations in paragraph 116.

117.     In response to paragraph 117, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 116.

118.     The allegations in paragraph 118 consist of Plaintiffs' characterization of and a quotation from NEPA and its implementing regulations, to which no response is required. Federal Defendants aver that the statute and regulations are the best evidence of their content. To the extent the allegations in paragraph 118 are inconsistent with that statute, they are denied.

119.     The allegations in paragraph 119 are conclusions of law, to which no response is required.

120.     Federal Defendants deny the allegations in paragraph 120.

121.     Federal Defendants deny the allegations in paragraph 121.

122.     In response to paragraph 122, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 121.

123.     The allegations in paragraph 123 consist of Plaintiffs' characterization of the ESA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 123 are inconsistent with that statute, they are denied.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                                 21

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 21 of 25

124.    Federal Defendants admit that listed species may be found in the Izembek National Wildlife Refuge but deny that designated critical habitat is located within the boundaries of the refuge.

125.    Federal Defendants admit that Secretary Zinke did not prepare a biological assessment for the "Agreement for the Exchange of Lands" but deny that such assessment was required.

126.    Federal Defendants deny the allegations in paragraph 126.

The remaining paragraphs of the First Amended Complaint comprise Plaintiffs' prayer for relief and require no response. Federal Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

All of the allegations, including any unnumbered statements, headings, and footnotes, in Plaintiffs' First Amended Complaint that have not been specifically admitted, denied, or otherwise answered are hereby denied.

## FEDERAL DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### Third Affirmative Defense

Plaintiffs have not suffered any injury as a result of the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC; therefore, they lack standing to commence this action.

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                    22

<u>Fourth Affirmative Defense</u>

Plaintiffs' claims are not ripe for adjudication.

<u>Fifth Affirmative Defense</u>

Plaintiffs' claims are not the result of final agency action because the lands to be exchanged have not been finally determined.

## **<u>PRAYER</u>**

WHEREFORE, Federal Defendants deny that Plaintiffs are entitled to the relief they pray for, or any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Federal Defendants, and that Federal Defendants be allowed such other further relief as the Court may allow.

Dated this 3rd day of May, 2018.

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division


<u>*/s/ Davené D. Walker*</u>
DAVENÉ D. WALKER
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 353-9213
Facsimile:  (202) 305–0506
davene.walker@usdoj.gov

PAUL GALINDO
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                                                      23

Washington, DC  20044–7611
Telephone:  (202) 305-0492
Facsimile:  (202) 305–0506
paul.galindo@usdoj.gov

RICKEY D. TURNER, JR.
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone:  (303) 844-1373
Facsimile:  (303) 844-1350
rickey.turner@usdoj.gov

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.*,
Case No. 3:18-cv-00029-TMB                                                    24

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 24 of 25

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 3, 2018, a copy of the foregoing *Federal Defendants'*

*Answer to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief* was filed

electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent

to all counsel of record by operation of the court's electronic filing system.


                                        */s/ Davené D. Walker*
                                        Davené D. Walker, Trial Attorney
                                        U.S. Department of Justice

Federal Defendants' Answer to First Amended Complaint
*Friends of Alaska National Wildlife Refuges, et al., v. Zinke, et al.,*
Case No. 3:18-cv-00029-TMB                                          25

Case 3:18-cv-00029-TMB   Document 35   Filed 05/03/18   Page 25 of 25