IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRIENDS OF ALASKA NATIONAL WILDLIFE REFUGES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID BERNHARDT, in his official capacity as Acting Secretary of the U.S. Department of the Interior, *et al.*, <br><br> Defendants, <br><br> and <br><br> KING COVE CORPORATION, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:18-cv-00029-SLG |

## ORDER RE MOTION TO STRIKE

Before the Court at Docket 72 is Plaintiffs Friends of Alaska National Wildlife Refuges, The Wilderness Society, National Audubon Society, Wilderness Watch, Center for Biological Diversity, Defenders of Wildlife, National Wildlife Refuge Association, Alaska Wilderness League, and Sierra Club's ("Plaintiffs") Motion to Strike. Defendants David Bernhardt,[1] U.S. Department of the Interior, and U.S. Fish and Wildlife Service

---

[1] "David Bernhardt serves as Acting Secretary of the U.S. Department of the Interior." U.S. Dep't of the Interior, David Bernhardt – Acting Secretary of the Interior, https://www.doi.gov/whoweare/asbernhardt (last visited Jan. 9, 2019); *see also* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.").

("Federal Defendants") opposed at Docket 75. Plaintiffs replied at Docket 76. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

On January 22, 2018, the United States and King Cove Corporation entered into a land exchange agreement in which the United States transferred lands within the Izembek National Wildlife Refuge to the King Cove Corporation for the purpose of building a road linking the Aleut Native village of King Cove to the Cold Bay airport ("Exchange Agreement").[2] Later that day, the Interior Department issued a Press Release regarding the Exchange Agreement.[3] On January 31, 2018, Plaintiffs filed their Complaint in this action.[4] On May 31, 2018, Federal Defendants filed a notice of lodging the administrative record with the Court.[5] On June 21, 2018, Federal Defendants filed a notice of filing a supplement to the administrative record with the Court.[6] The Press Release was not included within the administrative record as initially filed or as supplemented.

---

[2] *See* Administrative Record ("AR") 887–94 (Agreement for the Exchange of Lands).

[3] *See* Press Release, U.S. Dep't of the Interior, Secretary Zinke Approves Initial Plan to Build a Life-Saving Road for Alaska Native Village of King Cove (Jan. 22, 2018, 11:54 AM), https://www.doi.gov/pressreleases/secretary-zinke-approves-initial-plan-build-life-saving-road-alaska-native-village ("Press Release") (last edited Dec. 18, 2018, 3:36 PM). There are no substantive differences between the most recently edited version of the Press Release and the version that the Government attached to its opposition. *See* Docket 75-1. The only date indicated on the Docket 75-1 version of the Press Release is January 22, 2018.

[4] *See generally* Docket 1 (Complaint).

[5] *See generally* Docket 41 (Notice of Lodging of Administrative Record).

[6] *See generally* Docket 47 (Notice of Filing Supplement to Administrative Record).

Case No. 3:18-cv-00029-SLG, *Friends of Alaska National Wildlife Refuges, et al. v. Bernhardt, et al.*
Order re Motion to Strike
Page 2 of 9
Case 3:18-cv-00029-SLG   Document 81   Filed 01/10/19   Page 2 of 9

Plaintiffs moved for summary judgment on July 11, 2018.[7] Federal Defendants opposed on August 22, 2018.[8] According to Federal Defendants, "there was no decision document beyond the agreement itself, nor was there a statement summarizing environmental analysis because the agency concluded that such a document was not required under the applicable laws . . . ."[9]

Plaintiffs seek to strike the following paragraph from Federal Defendants' opposition to Plaintiffs' summary judgment motion:

> Furthermore, the Department explained its rationale to the public at the time the Agreement was announced. The Secretary stated: "Above all, the federal government's job is to keep our people safe and respect our treaty commitments with Native Americans and Alaska Natives. . . . Previous administrations prioritized birds over human lives, and that's just wrong. The people of King Cove have been stewarding the land and wildlife for thousands of years and I am confident that working together we will be able to continue responsible stewardship while also saving precious lives." The U.S. Coast Guard also expressed the view that a road would "significantly reduce the risk . . . U.S. Coast Guard aircrews are exposed to while operating in one of the U.S. Coast Guard's most unforgiving environments – Alaska."[10]

---

[7] *See generally* Docket 50 (Plaintiffs' Motion for Summary Judgment).

[8] *See generally* Docket 65 (Federal Defendants' Brief in Opposition to Plaintiffs' Motion for Summary Judgment).

[9] Docket 75 at 2.

[10] Docket 65 (Federal Defendants' Opposition to Plaintiffs' Motion for Summary Judgment) at 25 (alteration in original) (citing Press Release).

Case No. 3:18-cv-00029-SLG, *Friends of Alaska National Wildlife Refuges, et al. v. Bernhardt, et al.*
Order re Motion to Strike
Page 3 of 9

Case 3:18-cv-00029-SLG   Document 81   Filed 01/10/19   Page 3 of 9

Plaintiffs maintain that this Court should not rely on the Press Release in reviewing the agency's action.[11]

## LEGAL STANDARD

"An administrative record typically contains the materials developed and considered by an agency in making its decision."[12]

The Ninth Circuit has identified four "narrowly construed" circumstances when supplementation of the administrative record may be warranted: "(1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency."[13] A party seeking to supplement the record faces a

---

[11] *See* Docket 72 at 3.

[12] *Raytheon Co. v. United States*, 121 Fed. Cl. 135, 153 (2015), *aff'd*, 809 F.3d 590 (Fed. Cir. 2015) (citing *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973) ("remarking that an agency's finding must be 'sustainable on the administrative record made' by the agency at the time of its decision"); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) ("noting that the trial court's review of the decision of the head of the agency was 'to be based on the full administrative record that was before the Secretary at the time he made his decision'"); *Smith v. United States*, 114 Fed. Cl. 691, 694 (2014) ("The administrative record to be considered by a reviewing court shall include all the materials compiled by the agency before it made its decision."); *CRAssociates, Inc. v. United States*, 95 Fed. Cl. 357, 377 (2010) ("[A]n essential premise of [APA] review presupposes that the agency will establish its rationale at, or prior to, the time of its decision—not after."); *Arch Chems., Inc. v. United States*, 64 Fed. Cl. 380, 385 (2005) ("The administrative record is supposed to reflect the information available to the decision maker at the time the challenged decisions were made. . . ."); *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 349–50 (1997) ("[T]he primary focus of the court's review should be the materials that were before the agency when it made its final decision.")); *see also Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) ("Generally, judicial review of agency action is limited to review of the record on which the administrative decision was based.").

[13] *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010) (citing *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005)).

Case No. 3:18-cv-00029-SLG, *Friends of Alaska National Wildlife Refuges, et al. v. Bernhardt, et al.*
Order re Motion to Strike
Page 4 of 9
Case 3:18-cv-00029-SLG   Document 81   Filed 01/10/19   Page 4 of 9

"heavy burden to show that the additional materials sought are necessary to adequately review" the agency's decision.[14] "These exceptions are to be narrowly construed, and the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies."[15]

## DISCUSSION

Federal Defendants make two arguments. First, they maintain that the Press Release should be considered to be a part of the administrative record. In the alternative, they ask the Court to supplement the record to add the Press Release; they maintain that the Press Release is necessary for the Court "to determine whether the agency considered all relevant factors and has explained its decision."[16]

**I. The Press Release is Not Part of the Administrative Record**

Federal Defendants maintain that the Press Release should be considered as part of the agency record because it is a "contemporaneous expression of the agency's position," and not "a post-hoc rationalization of the agency's decision."[17] Federal Defendants also describe the Press Release as an "additional explanation and a cohesive articulation of the Secretary's decision."[18]

---

[14] *Id.*

[15] *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992–93 (9th Cir. 2014); *see also Lands Council*, 395 F.3d at 1030 ("The scope of these exceptions . . . is constrained, so that the exception does not undermine the general rule.").

[16] Docket 75 at 5 (citing *Midwater Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1007 (9th Cir. 2004)).

[17] Docket 75 at 3.

[18] Docket 75 at 3.

Case No. 3:18-cv-00029-SLG, *Friends of Alaska National Wildlife Refuges, et al. v. Bernhardt, et al.*
Order re Motion to Strike
Page 5 of 9
Case 3:18-cv-00029-SLG   Document 81   Filed 01/10/19   Page 5 of 9

The Press Release is not part of the administrative record. Federal Defendants did not include the Press Release in their initial filing of the administrative record or in their supplementation of the administrative record.[19] Furthermore, although Federal Defendants are correct that the Press Release was a nearly contemporaneous "additional explanation and a cohesive articulation of the Secretary's decision,"[20] the Press Release did not form the basis for the Secretary's decision.[21] Based on the foregoing, the Press Release is not part of the administrative record.

**II. The Press Release Does Not Fall within an Exception to the Limitation of the Court's Consideration to the Agency Record**

Federal Defendants alternatively maintain that if the Press Release is not part of the record, the Court should allow supplementation of that record to include it, "as an exception to the rule that review is limited to the administrative record."[22] They argue that "expanding the record for judicial review is necessary to determine whether the agency considered all relevant factors and has explained its decision."[23] Plaintiffs respond that

---

[19] *See* Docket 41; Docket 47.

[20] Docket 75 at 3.

[21] *See Raytheon Co. v. United States*, 121 Fed. Cl. 135, 153 (2015), *aff'd*, 809 F.3d 590 (Fed. Cir. 2015); *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

[22] Docket 75 at 4–5.

[23] Docket 75 at 5 (citing *Midwater Trawlers Coop. v. Dep't of Commerce*, 393 F.3d 994, 1007 (9th Cir. 2004)). The *Midwater Trawlers* Court held that the district court did not abuse its discretion in permitting the National Marine Fisheries Service ("Fisheries Service") to supplement the record with declarations that highlighted the scientific failings of a methodology for calculating fish quantities to help the district court "determine whether the Fisheries Service provided sufficient explanation for its adoption of [an alternative] methodology." *Midwater Trawlers*, 393 F.3d at 1007–08. *Midwater Trawlers* is inapposite. The supplementation in that case was intended to help the district court to better understand a complex issue—the science underlying agency decisionmaking. In this case, the Press Release would not serve the same educational purpose for the Court. Rather, it presumably was issued to explain the Secretary's decision to

Case No. 3:18-cv-00029-SLG, *Friends of Alaska National Wildlife Refuges, et al. v. Bernhardt, et al.*
Order re Motion to Strike
Page 6 of 9
Case 3:18-cv-00029-SLG   Document 81   Filed 01/10/19   Page 6 of 9

"[t]he Secretary has not met his burden to show that the press release meets any of the limited exceptions to the general rule prohibiting consideration of extra-record evidence."[24] Plaintiffs maintain that "[t]he Secretary's failure to support his decision based on the record cannot be remedied via extra-record statements to the media."[25] Plaintiffs maintain that Federal Defendants seek to improperly use this exception to add a document in order "to determine the correctness or wisdom of the agency's decision."[26]

Federal Defendants have not formally moved to supplement the record. They have also failed to show good cause why they did not move "to supplement the agency record . . . not later than 21 days after the agency record or certified list of its contents has been filed with the court."[27] Therefore, Federal Defendants' request to supplement the administrative record at this time is untimely.

Moreover, even if Federal Defendants had timely moved to supplement the administrative record with the Press Release, supplementation would have been inappropriate. The Ninth Circuit addressed a similar issue in *San Luis & Delta-Mendota Water Auth. v. Locke* ("*Locke*").[28] The Fisheries Service had issued a Biological Opinion ("BiOp") under the Endangered Species Act that water extraction in the Central Valley

---

the general public.

[24] Docket 76 at 4.

[25] Docket 76 at 3–4.

[26] Docket 76 at 5 (quoting *Asarco, Inc. v. Envtl. Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980) (reversing the district court's admission of extra-record expert testimony to assess the quality of the Environmental Protection Agency's decision)).

[27] Local Civil Rule 16.3(b)(2) (D. Alaska).

[28] 776 F.3d 971 (9th Cir. 2014).

Case No. 3:18-cv-00029-SLG, *Friends of Alaska National Wildlife Refuges, et al. v. Bernhardt, et al.*
Order re Motion to Strike
Page 7 of 9
Case 3:18-cv-00029-SLG   Document 81   Filed 01/10/19   Page 7 of 9

would harm Salmonid species. The district court, relying "on extra-record declarations comprising thousands of pages of scientific opinion," found that the Fisheries Service had acted arbitrarily and capriciously "when developing much of the BiOp."[29] The Ninth Circuit found that the district court had abused its discretion by considering the extra-record declarations. The Circuit Court focused on the "relevant factors" exception, which it characterized as "the most difficult to apply . . . ." The Circuit Court explained that although the "relevant factors" exception may be appropriate to help a district court "develop a background against which it can evaluate the integrity of the agency's analysis, the exception does not permit district courts to use extra-record evidence to judge the wisdom of the agency's action."[30]

Unlike the extra-record declarations in *Locke*, the Press Release is only one document. However, supplementation of the record with the Press Release would do more than provide the Court with "a background against which it can evaluate the integrity of the agency's analysis"; instead, it appears Federal Defendants seek to rely on the Press Release to speak directly to "the wisdom of the agency's action."[31]

Based on the foregoing, the Court finds that Federal Defendants have failed to meet their "heavy burden to show that the additional materials sought are necessary to adequately review" the Secretary's decision.[32] Accordingly, the Court will not supplement

---

[29] *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 981 (9th Cir. 2014); *see also id.* at 989–92.

[30] *Id.* at 993 (citing *Asarco, Inc.*, 616 F.2d at 1160).

[31] *Id.* at 993 (citing *Asarco, Inc.*, 616 F.2d at 1160).

[32] *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010); *see also* Docket 76 at 4 (quoting *San Luis*, 776 F.3d at 992–93) ("While there are exceptions to the

Case No. 3:18-cv-00029-SLG, *Friends of Alaska National Wildlife Refuges, et al. v. Bernhardt, et al.*
Order re Motion to Strike
Page 8 of 9
Case 3:18-cv-00029-SLG   Document 81   Filed 01/10/19   Page 8 of 9

the administrative record to include the Press Release.  However, the Court makes no determination at this time regarding the extent to which, if at all, the Secretary was required to provide a justification for his decision when entering into the Exchange Agreement—an issue which is addressed in the parties' merits briefing.[33]

## CONCLUSION

In light of the foregoing, Plaintiffs' Motion to Motion to Strike at Docket 72 is GRANTED as follows:

IT IS ORDERED that the Press Release appended to Federal Defendants' Brief in Opposition to Plaintiffs' Motion to Strike shall not be considered as part of the administrative record.  The Court will not rely on the Press Release when reviewing the Secretary's decision to enter into the Exchange Agreement.[34]

DATED this 10th day of January, 2019 at Anchorage, Alaska.

                                   */s/ Sharon L. Gleason*
                                   UNITED STATES DISTRICT JUDGE

---

general rule barring extra-record evidence, '[t]hese exceptions are to be narrowly construed, and the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies.'").

[33] *See* Docket 51 (Memorandum in Support of Plaintiffs' Motion for Summary Judgment) at 37 (footnotes omitted) ("This Exchange Agreement — which provides for more than double the acreage being removed from Izembek than previously considered and now includes gravel sites — does not mention ANILCA's broad or Izembek's specific purposes, much less explain how acquiring yet-unspecified lands in exchange for 500 acres in the center of the Refuge and Wilderness will further them.  The Secretary not only failed to provide the required level of detailed justification for reversing decades of prior findings, he provided no justification at all.").

[34] The Court does not strike the paragraph at issue pursuant to Fed. R. Civ. P. 12(f), as that rule applies only to pleadings.  *See* Fed. R. Civ. P. 7(a) (identifying those documents filed with district courts that constitute pleadings); *see generally Raytheon Co. v. United States*, 121 Fed. Cl. 135, 155-56 (2015), *aff'd*, 809 F.3d 590 (Fed. Cir. 2015).

Case No. 3:18-cv-00029-SLG, *Friends of Alaska National Wildlife Refuges, et al. v. Bernhardt, et al.*
Order re Motion to Strike
Page 9 of 9
Case 3:18-cv-00029-SLG   Document 81   Filed 01/10/19   Page 9 of 9